IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JUAN MANUEL VASQUEZ, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:23-cv-00125-O |
| KROGER TEXAS L.P. D/B/A VANDERVOORT'S | § | |
| DAIRY FOODS COMPANY AND THE KROGER | § | |
| CO. D/B/A VANDERVOORT'S DAIRY FOODS | § | |
| COMPANY, | § | |
| Defendants. | § | |

**PLAINTIFF'S FIRST AMENDED
COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **JUAN MANUEL VASQUEZ,** hereinafter referred to as "Plaintiff", complaining of Defendants, **KROGER TEXAS L.P. d/b/a VANDERVOORT'S DAIRY FOODS COMPANY and THE KROGER CO. d/b/a VANDERVOORT'S DAIRY FOODS COMPANY** hereinafter referred to as "Defendants" and for cause of action would respectfully show the following:

**PARTIES**

1. Plaintiff **JUAN MANUEL VASQUEZ** is an individual residing in Tarrant County, Texas. The last three (3) numbers of Plaintiff's Texas Identification Card are xxxxx577.

2. Defendant **KROGER TEXAS L.P. d/b/a VANDERVOORT'S DAIRY FOODS COMPANY** is a Limited Partnership doing business in Tarrant County, Texas and has been served and answered.

3. Defendant **THE KROGER CO. d/b/a VANDERVOORT'S DAIRY FOODS COMPANY** is a Limited Partnership doing business in Tarrant County, Texas and has been served

and answered.

4. At all times material herein, Defendants were engaged in the operation of a dairy product business at 900 S. Main Street, Fort Worth, Texas and Plaintiff is employed by Defendants to further those activities. The injuries complained of in this Complaint were sustained within the course of that employment. At the time of the incident made the basis of this suit, Defendants were eligible but were a non-subscriber of the Texas Workers' Compensation Act.

## JURISDICTION AND VENUE

5. The court has jurisdiction over this lawsuit because the amount in controversy is Within the jurisdictional limits of the Court, and because the events giving rise to Plaintiff's claims occurred in this jurisdiction. This Court also has jurisdiction over Defendants because Defendants committed a tort in Texas and because Defendant engages in business in Texas.

6. Venue is proper in this district because the business at issue in this case is in this County and because the events giving rise to this lawsuit occurred in this district.

## FACTUAL BACKGROUND

7. On or about January 23, 2021, Plaintiff was lawfully on the premises of Defendants in the course and scope of his employment. While working, Plaintiff entered a storage room that was unlit and had a 2-3 foot drop as you entered the room. Upon taking one step into the storage room, Plaintiff immediately took a hard fall to the ground and severely injured himself. At the time of the accident, Defendants did not have any signs or warnings to let its employees know that there is a 2-3 foot drop upon immediately entering the unlit storage room. At the time of the fall, the premises and/or its condition was owned, controlled, managed, and maintained by Defendants.

8. Said occurrence was not caused by or contributed to by Plaintiff, nor did the same occur through any fault or negligence on the part of Plaintiff, but was caused solely by the acts, wrongs,

and/or omissions of Defendants, and/or their agents, servants and/or employees, officers, vice-principals or those acting by, through or under them, and for which Defendants retained contractual control of certain aspects of the premises in question and exercised actual control over the premises and safety on the premises in question such that the acts, wrongs and/or omissions of Defendants were the proximate and/or producing cause of the injuries and damages sustained by Plaintiff. The supervisory control related to or had a nexus to the condition that caused Plaintiff's injuries and damages. As a result of said acts and/or omissions, Plaintiff sustained and continues to sustain injuries and damages which will be set out more fully hereinafter.

## NEGLIGENCE OF DEFENDANTS

9. On the occasion in question, Defendants owed Plaintiff a duty of care commensurate with its relationship to him as his employer.  As his employer, Defendants owed Plaintiff continuous, non-delegable duties to use ordinary care in providing a safe workplace, hiring competent co- employees, providing needed safety training of its employees and needed safety equipment, and providing safety regulations and supervision.

Plaintiff sustained severe and permanent injuries because of Defendants negligence when Defendants and/or their employees negligently:

   a. failed to provide a safe workplace;
   b. employed personnel who were unfit, incompetent, and/or unqualified to perform the duties and tasks assigned to them;
   c. failed to provide rules and regulations for the safety of employees, and to warn them, under certain conditions, as to the hazards of their positions or employment;
   d. failed to hire competent employees;
   e. failed to furnish reasonably safe instrumentalities with which its employees are to work;
   f. failed to supervise its employees; and
   g. failed to follow safety regulations.

Each of these acts and omissions, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

## PREMISES LIABILITY

10. On the occasion in question, Defendants, their agents, servants and/or employees, were guilty of certain acts, wrongs, and/or omissions, each and all amounting to negligence and premises liability. Said acts, wrongs, and/or omissions include, without limitation, the following:

   a. creating a condition which caused the injury and harm to Plaintiff;

   b. failing to remedy a condition which caused the injury and harm to Plaintiff;

   c. negligently creating an unreasonable risk of harm to Plaintiff;

   d. negligently creating an unreasonable risk of harm to Plaintiff;

   e. failing to use reasonable care to keep the premises under their maintenance and control in a safe condition;

   f. failing to warn Plaintiff that an unreasonably dangerous condition existed which required extra care to be taken by her while upon the Defendants' premises;

   g. failing to correct a dangerous condition or circumstance which Defendants knew, or in the exercise of reasonable care should have known existed;

   h. failing to discover a dangerous condition to persons, including Plaintiff;

   i. failing to follow and/or abide by city and/or state procedures, rules, regulations and/or policies;

   j. failing to provide adequate safety advice and recommendations;

   k. failing to adequately inspect the premises;

l. failing to warn the public, including Plaintiff, of the unreasonable dangers existing on the premises;

m. failing to use due care and caution under the circumstances when Defendants knew or should have known of the serious and permanent injuries that could be caused by such failure, and knew or should have known of the inherent dangers and conditions located on the premises, but failed to remedy or to warn of same;

n. failing to implement adequate safety procedures, rules, regulations and/or policies;

o. failing to erect and/or provide adequate warnings of said defects or dangerous conditions on the premises, in an effort to reduce, eliminate, or prevent the unreasonable risk of harm to Plaintiff;

p. failing to correct the dangerous conditions which existed on the premises;

q. failing to warn Plaintiff that the dangerous conditions existed on the premises which required Plaintiff to exercise extra care;

r. negligently creating a dangerous condition and special defect on the premises;

s. committing various acts and/or omissions of negligence, both statutory and at common law, to be specified in greater detail at the time of trial;

t. failure to properly maintain the area where Plaintiff's injuries occurred;

u. failure to place warning signs near the area to warn Plaintiff or other invitees of the dangerous condition; and

v. failure to place warnings around the dangerous condition

## DAMAGES

11. As a proximate result of the negligence of Defendants, Plaintiff sustained bodily

injuries. Some of these ill effects are permanent and will abide with Plaintiff for a long time in the future, if not his entire life. As a further result of the nature and the consequence of his injuries, Plaintiff has suffered great physical impairment and mental anguish, and in all reasonable probability will continue to do so well into the future, if not for the balance of his natural life. As a result of the injuries sustained, Plaintiff has incurred reasonable and customary medical expenses for medical treatment in a sum that does exceed the minimum jurisdictional limits of this Court.

12. Plaintiff further alleges that Defendants, their agents, servants, and/or employees negligently caused or negligently permitted such condition to exist, in spite of the fact that Defendants, their agents, servants and/or employees knew, or in the exercise of ordinary care should have known of the existence of the condition and that there was a likelihood of someone being injured as happened to Plaintiff.

13. As a direct and proximate cause of the incident in question, there is a reasonable probability that Plaintiff will require future reasonable and necessary expenses for his medical care and attention.

14. As a direct and proximate result of the incident in question, Plaintiff has suffered physical pain and suffering, mental anguish and emotional trauma in the past and will, in all reasonable probability, continue to experience pain and suffering, mental anguish and emotional trauma for a long time into the future.

15. As a further direct and proximate result of the Defendants' negligence and the resulting occurrence in question, Plaintiff has sustained physical impairment and disfigurement, which, in all reasonable probability, will remain with him for the remainder of his natural life.

16. Plaintiff alleges and shows that the personal injuries and damages he sustained were proximately caused by the negligence of Defendants acting individually and/or by or through

their agents, servants, employees, and representatives, and that such negligence was the proximate cause of the injuries and damages sustained by Plaintiff. Defendants were responsible, in whole or in part, for maintaining, repairing, inspecting, and upkeep of the area where the incident made the basis of this lawsuit occurred. As a result, Defendants have a duty to Plaintiff to protect him from injuries, hazards and dangers in and/or on the area and to correct any and all type conditions and hazards in the area. Plaintiff alleges that Defendants breached their duty to him, which proximately caused her personal injuries and the damages she suffered.

17. In this connection, Plaintiff alleges that Defendants, acting individually and/or by and through their agents, servants, employees and representatives, were negligent of many acts or omissions, including but not limited to, repairing, inspection, servicing, maintaining, and correcting the area where the incident made the basis of this lawsuit occurred of all type hazards and in negligently performing its duties, obligations and rights of control as to the common and non-common areas of the area, all of which proximately caused Plaintiff's injuries and damages.

## **DAMAGES**

18. Plaintiff has suffered the following damages:

a. Plaintiff suffered reasonable and necessary costs of medical care and treatment, including doctors, hospitals, nurses, medications, and other services and supplies in the past;

b. Plaintiff will further suffer reasonable and necessary costs of medical care and treatment, including doctors, hospitals, nurses, medications, and other services and supplies in the future;

c. Plaintiff suffered physical pain in the past;

d. Plaintiff will further suffer physical pain in the future;

e. Plaintiff suffered mental anguish in the past;

f. Plaintiff will further suffer mental anguish in the future;

g. Plaintiff suffered physical disfigurement in the past;

h. Plaintiff will further suffer physical disfigurement in the future;

i. Plaintiff suffered physical impairment in the past;

j. Plaintiff will further suffer physical impairment in the future;

k. Plaintiff has suffered lost wages;

l. Plaintiff has suffered loss of earning capacity in the past; and

m. Plaintiff has suffered loss of earning capacity in the future.

19.  By reason of the above, Plaintiff has been damaged in an amount within the jurisdictional limits of this court. Plaintiff will be forced to endure physical pain, suffering, mental anguish, physical impairment/disability, physical disfigurement, and all other recoverable damages at law for an undetermined length of time in the future and probably for the rest of her life. Plaintiff would show that his total damages as set out exceed the minimum jurisdictional limits of this Court.

## PREJUDGMENT INTEREST

20.  Plaintiff asserts a claim for prejudgment and post-judgment interest on all applicable elements of damages.

## CONDITIONS PRECEDENT

21. All conditions precedent to recovery have been performed or met regarding this claim, including requisite notice of claim.

## INCORPORATION OF ALLEGATIONS

22. All allegations made herein are incorporated into every other titled allegation.

## PLAINTIFF'S REQUEST FOR JURY TRIAL

23. Plaintiff hereby requests a jury trial in this civil action and tenders the appropriate fee to the clerk of the court in this case.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein as required by law; that upon final hearing hereon Plaintiff have judgment of and from Defendants, jointly and severally, in the amount of damages proved; for all costs of Court, for pre-judgment interest at the highest rate according to law; for post-judgment interest at the highest rate according to law; and for such other and further relief, special or general, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/ Elan Cabrero
Elan Cabrero
Texas State Bar No. 24096772
Nick Peele
Texas State Bar No.24097078
Law Office of Jim Zadeh, P.C.
1555 Rio Grande Avenue
Fort Worth, Tx 76102 817-335-5100
817-335-3974-fax
elan@zadehfirm.com
nick@zadehfirm.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the counsel of record for Defendant via ECFS in accordance with the Federal Rules of Civil Procedure on this the 10th day of May, 2023.

*/s/Elan Cabrero*
Elan Cabrero